The plaintiff was an aged and infirm woman, residing upon her plantation, and having no family but some nine slaves and two (421) dependent and weak-minded relatives. The defendant's testator, Haywood Thompson, was a neighbor in whom she had great confidence and whom she employed as agent and adviser in all her affairs. He received her money, sold her property when any was sold, bought provisions, paid her debts, and professed to keep a strict account of all the dealings between them. This agency continued for five years without any settlement or adjustment of their dealings. At the end of that period, the testator, Mr. Thompson, fell sick, and after lingering for several weeks he died. During this period of his illness several notes were prepared, on a consultation between the sick man and his friends, as the balances due from the plaintiff. These amounts were arrived at partly by reference to loose memoranda on small slips of paper, on which sometimes only plaintiff's name and a sum of money were set down, and partly to the memory of testator's wife, who kept some of these slips, and whose memory seemed to be the chief resource for information, and the book of accounts was confessedly "a small matter." When these sums had been agreed on, two of testator's friends, Nicholson and Suthard, were despatched to procure the signatures of the plaintiff, and such was the profound confidence of the old lady in the integrity of her agent that, as these messengers say, she would not permit them even to read the notes, but signed them, declaring that she knew Haywood Thompson, and that he was an honest man and would not cheat her. The notes thus obtained were sued on by the executrix of the agent Thompson and judgments at law recovered. The bill is filed for an injunction and for an account and settlement of the agency, alleging that the said notes are greatly too large and not at all sustained by the account which was kept by the defendant's testator in his book of accounts; that she has been imposed upon by the implicit confidence which she had in the integrity and business qualities of her said agent.
The agency and the confidential relation stated in the plaintiff's bill are admitted to the fullest extent in the answer, and the chief (422) scope of it is to justify the amounts for which the notes were given, by enumerating a great number of small transactions as grounds of the plaintiff's indebtedness to the defendant's testator.
On the coming in of the answer, a motion was made in the court below to dissolve the injunction, which was refused by his Honor, and the defendant appealed.
This case comes directly within the principle decided by this Court at December Term, 1859, in Futrill v. Futrill, ante, 61. The defendant's testator was the confidential agent of the plaintiff and the manager of all her affairs. As such, he ought not to have taken from her a bond to secure her alleged indebtedness to him at a time when he had not rendered her a full account of his agency, so as to have given her time to examine it and ascertain its correctness. Under such circumstances, the court of equity will not allow the judgment at law, which his personal representative has obtained upon the bond, any other effect than to stand as a security for whatever may be found to be due to the defendant as executrix, upon taking an account between the parties, on the footing of principal and agent.
The injunction granted upon the filing of the bill was therefore, upon the coming in of the answer, properly continued, and the order to that effect must be.
PER CURIAM. Affirmed.
Cited: Hadley v. Rountree, 59 N.C. 111; Costin v. McDowell, 107 N.C. 548;Bellamy v. Andrews, 151 N.C. 258; Pritchard v. Smith, 160 N.C. 84.
(423)